**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CEDRIC GREENE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 4:25-CV-00545 SPM |
| | ) | |
| ACCESS SERVICES, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of self-represented plaintiff Cedric Greene for leave to commence this civil action without prepayment of the required filing fee.[1] [ECF No. 2]. Plaintiff's motion will be denied. Additionally, for the reasons discussed below, this case will be dismissed for lack of proper venue. Alternatively, plaintiff's complaint is subject to dismissal as malicious. *See* 28 U.S.C. §§ 1391(b), 1406(a).

**Background**

In the past month, plaintiff has filed a total of eighteen (18) cases in this Court, ten (10) of which have already been dismissed. *See Greene v. Rite Aid – Culver City*, No. 4:25-CV-300-SRW

---

[1]Plaintiff Cedric Greene lists his wife, Valerie Stephen, as a co-plaintiff in this action. Although Stephen appears to have signed the complaint, she has not filed a separate motion to proceed in forma pauperis in this action or pay the $405 filing fee. Greene, who is proceeding pro se in this case, may not represent another pro se litigant in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Jones ex rel. Jones v. Correctional Medical Servs., Inc.,* 401 F.3d 950, 952 (8th Cir. 2005) (stating that "a non-attorney . . . may not engage in the practice of law on behalf of others"); *Iannaccone v. Law,* 142 F.3d 553, 558 (2nd Cir. 1998) (stating that "because pro se means to appear for one's self, a person may not appear on another's behalf in the other's cause . . . A person must be litigating an interest personal to him"); *Lewis v. Lenc–Smith Mfg. Co.,* 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court). Accordingly, the Court will strike plaintiff Stephen from this action.

(E.D. Mo. Filed Mar. 10, 2025, dismissed Mar. 27, 2025); *Greene v. Dudek*, No. 4:25-CV-270-SRW (E.D. Mo. Filed Mar. 5, 2025); *Greene v. Weingart Care First Village*, No. 4:25-CV-304-RWS (E.D. Mo. Filed Mar. 11, 2025, dismissed Mar. 31, 2025); *Greene, et al. v. MV Transportation*, No. 4:25-CV-312-SPM (E.D. Mo. Filed Mar. 12, 2025, dismissed Apr. 9, 2025); *Greene v. Astrana Health*, No. 4:25-CV-323-SRC (E.D. Mo. Filed Mar. 13, 2025); *Greene v. Access Services, Inc.*, No. 4:25-CV-334-SPM (E.D. Mo. Filed Mar. 18, 2025, dismissed Mar. 28, 2025); *Greene v. 430 South Los Angeles Street, LLC*, No. 4:25-CV-341-RWS (E.D. Mo. Filed Mar. 19, 2025, dismissed Mar. 31, 2025); *Greene v. Weingart Care First Village*, No. 4:25-CV-366-SRW (E.D. Mo. Filed Mar. 22, 2025, dismissed Mar. 31, 2025); *Greene, et al. v. Weingart Care First Village*, No. 4:25-CV-385-JSD (E.D. Mo. Filed Mar. 26, 2025, dismissed Apr. 8, 2025); *Greene v. LA Care Health Plan*, No. 4:25-CV-413-RHH (E.D. Mo. Filed Mar. 30, 2025, dismissed Mar. 31, 2025); *Greene v. Garland County, Arkansas*, No. 4:25-CV-426-SRW (E.D. Mo. Filed Apr. 1, 2025); *Greene v. Salvation Army Bell Shelter*, No. 4:25-CV-432-ACL (E.D. Mo. Filed Apr. 2, 2025); *Greene, et al. v. United States Postal Service*, No. 4:25-CV-451-RWS (E.D. Mo. Filed Apr. 4, 2025, dismissed Apr. 14, 2025); *Greene v. LA Care Health Plan*, No. 4:25-CV-479 HEA (E.D. Mo. Filed Apr. 9, 2025, dismissed Apr. 10, 2025); *Greene, et al. v. Price Self Storage West LA LLC,* No. 4:25-CV-492 MTS (E.D. Mo. Filed Apr. 12, 2025); *Greene, et al. v. United States of America*, No. 4:25-CV-507 SRW (E.D. Mo. Filed Apr. 15, 2025); *Greene, et al. v. Pacific Shore Property Management, et al.*, No. 4:25-CV-555 CDP (E.D.Mo. Filed Apr. 22, 2025).

The Court is aware that several other federal courts have already imposed filing restrictions on plaintiff. *See Greene v. Sprint Nextel Corp.*, 2018 WL 4520112, at *4 & n.3 (10th Cir. Sept. 20, 2018) (noting filing restrictions imposed in the Tenth Circuit, Ninth Circuit, District of Kansas,

District of Utah, Central District of California, and District of Nevada). In 2024, it was estimated that plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. United States*, 169 Fed. Cl. 334, 339 (2024), *appeal dismissed*, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

### The Complaint

This is the second case in this Court plaintiff Greene has attempted to file against defendant Access Services, Inc., a California public transit agency based in Los Angeles. *See Greene v. Access Services, Inc.*, No. 4:25-CV-334-SPM (E.D. Mo. Filed Mar. 18, 2025, dismissed Mar. 28, 2025). In that case, plaintiff explained that he originally brought his action in the District Court for the Eastern District of Wisconsin. Because this was the wrong venue, the Court transferred the case to the District Court for the Central District of California. Plaintiff states that this transfer "blackballed" him, presumably because his is under filing restrictions in the Central District of California. *Id*. Plaintiff's allegations in the case were unclear, but he seemed to allege that Access Services should have scheduled an evaluation date for renewal of his paratransit access card—a form of identification that allows people with disabilities to access paratransit services. Plaintiff's paratransit access card was set to expire on August 31, 2022. Plaintiff asserted that defendant declined to schedule an evaluation date within a reasonable time, did not respond to his administrative complaint, and refused to work with him to issue a renewal card. Because of this, plaintiff's identification card was not renewed and his status expired on August 31, 2022. On March 28, 2025, the Court dismissed plaintiff's complaint for improper venue. *See* 28 U.S.C. § 1406(a).

-3-

Plaintiff's allegations in the instant complaint appear different than his prior case. In the instant action, plaintiff asserts that his wife, Valerie Stephen was injured by the Access Driver of a taxi on or about November 24, 2016, who was attempting to pick Stephen and plaintiff up from 18823 Hawthorne Boulevard in Torrance, California and deliver them to Culver City, California. Plaintiff states that the Access Driver became upset with Greene, "declined the trip," and attempted to drive off with his front passenger door still open. The door allegedly hit Stephen and knocked her to the ground.

Plaintiff alleges that a civil matter against Access was "first introduced" in Utah's federal venue." However, Utah's federal venue placed filing restrictions against Greene. Next, Greene attempted to file a case against Access in Colorado, but "unreasonable politics interfered with the case being addressed in that state." Greene states that "[a]fter we discovered that the Colorado restrictions weren't going to be lifted against Greene, the journey went to Clark County, Nevada's 8th District, on December 28, 2022." And on October 26, 2023, "Greene and sources from Western Washington sought a District transfer of the matter," but the transfer was denied. It appears from the complaint that both the Nevada Court of Appeals and the Nevada Supreme Court denied Greene's submissions related to his action. Nevertheless, on October 15, 2024, Greene attempted to file another action against Access in the United States District Court for the Northern District of Illinois. Because plaintiff has been barred from filings in the 7th Circuit, he chose to file a new action in this Court.

Because plaintiff did not submit this action on the Court's form complaint, he has not indicated either he or defendant's state of citizenship, although from plaintiff's other actions in this Court, it is apparent that he is a citizen of the State of California. Plaintiff has also failed to

-4-

indicate in his complaint a jurisdictional basis for the present action; however, on his Civil Cover Sheet he states that he is bringing this action pursuant to 18 U.S.C. § 2119, which appears to be a criminal carjarking law. For relief against defendant, plaintiff seeks monetary damages.

## Discussion

The Court has carefully reviewed the instant complaint and determined plaintiff has not carried his burden of establishing venue is proper in the Eastern District of Missouri. The general venue provisions of 28 U.S.C. § 1391 provide the basis for determining the proper venue for plaintiff's claims. Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought, any judicial district in which any defendant is subject to the Court's personal jurisdiction.

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, the Court cannot transfer this action back to Utah state court where plaintiff originally filed this action. And it does not appear to be in the interest of justice to transfer this case to California where this action should have been brought because plaintiff must first comply with the filing restrictions in the California federal courts. *See e.g., Greene v. Price Self Storage W. LA, LLC*, 2022 WL 2333675, at *1 (E.D. Cal. June 28, 2022) (Plaintiff is subject to certain filing restrictions due to his status as a "vexatious litigant" under the local rules of E.D. Cal.). As such, the Court will alternatively

dismiss this action for lack of proper venue.

Additionally, the Court notes that plaintiff is forum shopping by attempting to relitigate this action in a new court because he previously received a result in a court that was undesirable. Plaintiff's abuse of the judicial system has resulted in filing restrictions and monetary sanctions across the United States. He has a history of filing frivolous actions and attempting to "transfer" cases from court to court without thought to court rules, the Federal Rules of Civil Procedure, how the state or federal appellate system functions or the confines of federal venue.[2] Even if the Court could reverse a ruling by a state court, this Court lacks jurisdiction (and venue) to do so.

As plaintiff has repeatedly been told in his prior cases in this Court, plaintiff has alleged no basis for venue being proper in this Court. Plaintiff makes no allegation of an act or omission occurring within the jurisdictional boundaries of this Court, nor does plaintiff allege that he or the defendant resides within this district. None of the requirements of § 1391 are present in this case. Accordingly, venue in the Eastern District of Missouri is not proper.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff Valerie Stephen is **STRICKEN** from this action.

---

[2]As noted above, plaintiff has filed the same or similar case throughout the nation. Because plaintiff has repeatedly and knowingly engaged in litigation practices that amount to abuse of the judicial process, and as it is apparent he filed the instant complaint as part of a general campaign of harassment, not in a legitimate attempt to vindicate a cognizable right, the Court will additionally dismiss this action as malicious pursuant to 28 U.S.C. § 1915(e) and as a sanction deny plaintiff the ability to proceed in forma pauperis. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits); *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it, but may consider the plaintiff's other litigious conduct).

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **DENIED.**

**IT IS FURTHER ORDERED** that this action is **DISMISSED for lack of proper venue**. *See* 28 U.S.C. §§ 1391, 1406(a).

**IT IS FURTHER ORDERED** that, alternatively, this action is **DISMISSED as malicious**. *See* 28 U.S.C. § 1915(e).

An Order of Dismissal shall be filed with this Memorandum and Order.

Dated this 23rd day of April, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE