UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CEDRIC GREENE, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:25-CV-000545 SPM |
| ACCESS SERVICES, Inc., | ) ) ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is plaintiff Cedric Greene's post-dismissal "Clarification Motion and Declaration in Support," which this Court interprets as a motion for reconsideration of the dismissal of this action. [ECF No. 5]. In his motion Greene "emphatically denies" that he is a vexatious and malicious litigant engaged in forum shopping. He claims that he is being "red-tagged" and is entitled to transfer of his action to another Court. *Id.*

As this Court found in the April 23, 2025 Opinion, Memorandum and Order, Greene, who is a citizen of California, has filed a total of eighteen (18) cases in this Court, at least ten (10) of which have already been dismissed. The Court is aware that several other federal courts have already imposed filing restrictions on plaintiff. *See Greene v. Sprint Nextel Corp.,* 2018 WL 4520112, at *4 & n.3 (10th Cir. Sept. 20, 2018) (noting filing restrictions imposed in the Tenth Circuit, Ninth Circuit, District of Kansas, District of Utah, Central District of California, and District of Nevada). In 2024, it was estimated that plaintiff had filed more than three hundred cases in federal courts throughout the country. *See Greene v. United States*, 169 Fed. Cl. 334, 339 (2024), appeal dismissed, No. 2024-1475, 2024 WL 2239024 (Fed. Cir. May 17, 2024).

Additionally, this is the second case in this Court plaintiff Greene has filed against defendant Access Services, Inc., a California public transit agency based in Los Angeles. *See Greene v. Access Services, Inc.,* No. 4:25-CV-334-SPM (E.D. Mo. Filed Mar. 18, 2025, dismissed Mar. 28, 2025). Moreover, as plaintiff admits in his complaint, he has filed cases against defendant in several other state and federal courts. *See, e.g. Greene v. Access Services, Inc.,* No. 1:18-cv-00601 LTB (D. Colo. Mar. 15, 2018); *Greene, et al. v. Access Services, Inc.,* No. 1:19-cv-02050 LTB (D. Colo. July 17, 2019); *Greene, et al. v. Access Services, Inc.,* No. 1:24-cv-10287 (N.D. Ill. Oct. 14, 2024); *Greene v. Access Services, Inc.,* No. 2:16-cv-01272 CW (D. Utah Sept. 7, 2017); and *Greene v. Access Services, Inc.,* No. 2:24-cv-01584 SCD (E.D. Wis. Feb. 21, 2025).

Under 28 U.S.C. § 1406(a), when a case is filed in a district where venue is not proper, the District Court can either dismiss the action, or if it is in the interest of justice, the Court can transfer the case to any district or division in which it could have been brought. In this case, the Court was unable to transfer this action back to the Utah state court where plaintiff originally filed this action. And it was not in the interest of justice to transfer this case to California where this action should have been brought because plaintiff must first comply with the filing restrictions in the California federal courts. *See e.g., Greene v. Price Self Storage W. LA, LLC*, 2022 WL 2333675, at *1 (E.D. Cal. June 28, 2022) (Plaintiff is subject to certain filing restrictions due to his status as a "vexatious litigant" under the local rules of E.D. Cal.).

Based on the aforementioned, the Court will not reconsider its dismissal of this action for improper venue, nor will it reexamine its conclusion that plaintiff Greene is a vexatious and malicious litigant. Plaintiff's post-dismissal "Clarification Motion and Declaration in Support" will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's post-dismissal "Clarification Motion and Declaration in Support," which this Court interprets as a motion to reconsider the dismissal of this action, [ECF No. 5] is **DENIED.**

**IT IS FURTHER ORDERED** that an appeal of this action would not be taken in good faith.

**IT IS FURTHER ORDERED** that plaintiff shall not be entitled to file any additional motions in this action unless they relate to a notice of appeal.

Dated this 6th day of May, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE